IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDY GRIFFIN,

    Plaintiff,

v.                                        CASE NO. 1:21-cv-52-AW-GRJ

DONALD K THOMAS,
et al,

    Defendants.
_____/

## O R D E R

Plaintiff Andy Griffin, an inmate in the custody of the Florida Department of Corrections presently confined at Suwanee CI, initiated this case by filing a civil rights complaint and has been granted leave to proceed as a pauper by separate order. The Court determined that the Complaint, ECF No. 1, was deficient because Plaintiff failed to use the Court's form for prisoner civil rights cases. Pursuant to Fla. N.D. Loc. R. 5.7(A), "[t]he Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." Further, Plaintiff's Complaint is 47 pages in length. Pursuant to N.D. Fla. Local Rule 5.7(B), a *pro se* civil rights complaint, together with any memorandum of law, must not exceed 25 pages in length unless authorized by the Court. The Court

did not authorize Plaintiff to file a complaint in excess of the page limits, nor does the Complaint present any good cause for doing so.

The Court ordered Plaintiff to correct these deficiencies by filing an amended complaint on the Court's form on or before April 30, 2021. ECF No. 5. The Court granted Plaintiff's motion to extend the deadline to comply to May 31, 2021. ECF No. 8. When Plaintiff failed to comply, the Court ordered him to show cause as to why the case should not be dismissed. ECF No. 13.

Plaintiff has filed a response to the show cause order, ECF No. 14. Plaintiff contends that he does not understand how to amend his complaint to comply with the Court's order, due to his limited education and ignorance of the law. Plaintiff argues that dismissal of this case for failure to file an amended complaint would amount to a miscarriage of justice. ECF No. 14.

The Court is not persuaded that Plaintiff should be excused from complying with the Court's orders and the local rules by amending his complaint on the Court's form. Plaintiff's pleadings and motions in this case reflect an adequate ability to set forth his claims. All prisoner litigants are required to complete the Court's complaint form, which provides the Court with information necessary to screen and manage the case pursuant to the requirements of the Prison Litigation Reform Act and the *in forma*

*pauperis* statute.  Because Plaintiff has not shown good cause for his failure to comply with the Court's order, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to comply with an order of the Court.

**IN CHAMBERS** this 29th day of June 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.